# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

|                    | Plaintiff, | DECISION & ORDER |

-vs-

ANDRE GREEN,

Defendant.

04-CR-6059-CJS
07-CV-6639 CJS

---

## APPEARANCES

For the United States:     Everardo A. Rodriguez, A.U.S.A.
                           United States Attorney's Office
                           100 State Street, Suite 500
                           Rochester, NY 14614

For the Defendant:         Andre Green 12318-055 *pro se*
                           FCI Allenwood Low
                           Federal Correctional Institution
                           P.O. Box 1000
                           White Deer, PA  17887

## INTRODUCTION

**Siragusa, J.** This case is before the Court on the defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the defendant's application (Docket No. 99) is denied.

## FACTUAL BACKGROUND

The defendant plead guilty to Counts 2 and 3 of an indictment charging violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (possession with intent to distribute of cocaine base) and 924(c) (possession of a firearm in furtherance of a drug trafficking crime) before

the Honorable Michael A. Telesca. The plea was pursuant to a written plea agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(C). In the plea agreement (Docket No. 75), the parties agreed to a proposed sentence of 168 months, and further agreed that the sentence would run concurrently with a sentence imposed against the defendant in Steuben County Court on March 29, 2004, upon his plea of guilty to criminal possession of a controlled substance in the third degree with intent to sell. Moreover, the plea agreement made clear that if the Court imposed the bargained for 168 month sentence, the defendant was precluded from challenging his sentence either on direct appeal or through a collateral attack, such as the one at bar. Specifically, paragraphs 18 and 19, the plea agreement read as follows:

> The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which is equal to or less than 168 months imprisonment and falls within or is less than the sentencing range for a fine and supervised release set forth in Section II, ¶¶ 12 and 13 notwithstanding the manner in which the Court determines the sentence.

> The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

(Plea Agreement ¶¶ 18–19.) The Court reviewed the provisions of the plea agreement with regard to this waiver during the plea colloquy on May 25, 2006. (Plea Hearing Transcript, at 13.)

Subsequent to the plea, the defendant's trial defense counsel, in an email dated September 5, 2006, suggested to the government that the agreed-upon sentence of 168 months be reduced to 145 months to account for the 34 and one-half month period spent in incarceration on the State sentence (which was rounded off to 35 months). Despite the binding nature of the 168-month sentence, the government agreed to the proposal. When sentencing the defendant, the Court informed him of the following with regard to the reduction of incarceration from the previously agreed upon 168-month period:

> Despite the fact that the sentencing [sic] you were recommending with you and the government of 168 months, [your attorney] said if I went along with that it would be inequitable because the understanding or belief would be that you would [sic] somehow get credit for the state sentence. To his credit, [the prosecutor] was also convinced by [your attorney's] argument. The long and the short, I will accept the 11(c)(1)(C) agreement, which is saying I can go along with 168 months, but having been presented with [your attorney's] statement I will give you credit for the state sentence and I'll sentence you to a combined total of 145 months.

(Sentencing Hearing Transcript, at 13.) On November 1, 2006, the Court sentenced the defendant to an aggregate term of 145 months to credit the defendant for the time served on his state sentence. (Sentencing Hearing Transcript, at 12.) The Court also imposed a fine of $500 on Count 2 and $500 on Count 3 and a mandatory special assessment of $100 on each count. Further, the Court imposed a term of supervised release for five years on Count 2 and five years on Count 3, to be served concurrently. (*Id*. at 12–13.)

The defendant argues that his federal sentence should have been only 132 months to properly credit him with time served on his State sentence and alleges that his counsel was ineffective for failing to secure this benefit for his client. The defendant relies on United

States Sentencing Guidelines §§ 5G1.3(c) and 5G1.3. The defendant further alleges that

his counsel failed to advise him of the binding nature of an 11(c)(1)(C) plea agreement.

## STANDARDS OF LAW

### 28 U.S.C. § 2255 & Ineffective Assistance of Counsel

Section 2255 provides, in relevant part, as follows:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (2008). The Court may dismiss a § 2255 petition without conducting

a hearing if the petition and the record "conclusively show" that the defendant is not entitled

to relief. 28 U.S.C. § 2255(b). In other cases, "[a] district court has a wide variety of tools

available to it in developing the record during habeas proceedings." *Pham v. United States*,

317 F.3d 178, 180 (2d Cir. 2003). Specifically,

[i]t is within the district court's discretion to determine whether a hearing is warranted. Among the wealth of materials available to the district court at its direction are the trial record, letters, documents, exhibits, affidavits and written interrogatories. After expanding the record, the district court then decides if an evidentiary hearing also is required. Our precedent disapproves of summary dismissal of petitions where factual issues exist, but it permits a "middle road" of deciding disputed facts on the basis of written submissions.

*Id.* at 184 (citations omitted); *see also, Faison v. McKinney*, No. 07 Civ. 8561(JGK), 2009

U.S. Dist. LEXIS 115306, 2009 WL 4729931 at *16 (S.D.N.Y. Dec. 10, 2009) ("When a

petitioner's affidavit alleging that his defense counsel denied him his right to testify is

'self-serving and uncorroborated' and defense counsel makes a sufficiently detailed and credible affirmation to the contrary, a district court can deny a 28 U.S.C. § 2255 petition for habeas relief without a hearing, because the petitioner has not shown that his counsel made a serious error under *Strickland's* first prong.") (citations omitted).

In the context of a claim based on alleged ineffective assistance of counsel, the Defendant

> need establish only that he has a "plausible" claim of ineffective assistance of counsel, not that he will necessarily succeed on the claim. Rule 4(b) of the Rules Governing § 2255 Proceedings further provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b), 28 U.S.C. § 2255.

> The procedure for determining whether a hearing is necessary is in part analogous to, but in part different from, a summary judgment proceeding. The petitioner's motion sets forth his or her legal and factual claims, accompanied by relevant exhibits: *e.g.*, an affidavit from the petitioner or others asserting relevant facts within their personal knowledge and/or identifying other sources of relevant evidence. The district court reviews those materials and relevant portions of the record in the underlying criminal proceeding. The court then determines whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief. If material facts are in dispute, a hearing should usually be held, and relevant findings of facts made.

> * * *

> Moreover, a district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding.

> Indeed, for this reason, we have also held that when the judge that tried the underlying proceedings also presides over the Section 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims

where the credibility assessment would inevitably be adverse to the petitioner.

*Puglisi v. United States*, 586 F.3d 209, 213-214 (2d Cir. 2009) (citations omitted).

## ANALYSIS

The record belies the defendant's argument that he did not understand the binding nature of an 11(c)(1)(C) plea. Not only did he review the provision of the plea agreement that spelled that out, but the Court also informed him of it during the plea colloquy.

As for ineffective assistance of counsel, the defendant has failed to show either a plausible claim of ineffective assistance by his counsel or prejudice arising therefrom. Not only did his counsel secure him a reduction in the offense to which he was pleading guilty, but he also obtained a reduction in the sentence by 35 months from the previously-agreed upon and binding sentence in the plea agreement. The defendant received a reduction in his Federal sentence of exactly the time he served on his State sentence. Accordingly, the defendant has failed to meet his burden of showing that counsel's performance was deficient and that he suffered prejudice as a result.

## CONCLUSION

The defendant's motion to vacate his sentence (Docket No. 99) is denied.

IT IS SO ORDERED.

Dated:   April 27, 2011
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J.  SIRAGUSA
United States District Judge